IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDA BAUMEISTER, et al.,**

      **Plaintiffs,**

vs.                                         No. CIV 05-1044 LCS/ACT

**NEW MEXICO COMMISSION
FOR THE BLIND, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss for Insufficient Service of Process (Doc. 4), and Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, both filed on October 4, 2005. (Doc. 5.) The primary issue addressed by this Memorandum Opinion and Order is whether removed cases should be subject to dismissal for incomplete or defective service of process that may be fatal to a plaintiff's case in state court, but would be cured with the application of federal law. Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 27, 30.) After having meticulously considered the Motion, briefs, and applicable law, I will **DENY** the Motion to Dismiss for Insufficient Service of Process for the reasons stated herein; give the Plaintiff until **December 29, 2005** to file an amended complaint as more fully described herein; and **DENY** the Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim as moot.

    **I.**      **PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint in state court on August 2, 2004, alleging various state and

federal claims against twenty Defendants.  (*See* Doc. 1 at 2.)  All Defendants are either state agencies or state employees.  (Doc. 4 at 4.)  The New Mexico Rules of Civil Procedure require that proper service on state agencies and employees includes both personal service on the head of the agency or employee and service on the attorney general.  (Rule 1.004(H)(1)(b)-(c) NMRA (2005 & Supp. Feb. 2005); Doc. 4 at 4.)

In May, 2005, Plaintiffs explained to the state court that they had filed the complaint in order to preserve the Statute of Limitations on some of their claims, and they would effect service of process after they cooperated in an investigation conducted by the New Mexico Protection and Advocacy System ("Protection & Advocacy").  (Doc. 3, Ex. 1.)  Thirteen months after filing their complaint, Plaintiffs finally served fifteen of the twenty defendants personally with state summonses and complaints.  (Doc. 4 at 2.)  These fifteen defendants removed the case to federal court on September 30, 2005.  (Doc. 1.)  Plaintiffs filed returns of service indicating that the attorney general received federal process for all twenty Defendants in October, 2005.  (*See* Docs. 7-26.)  It also appears from the October 28, 2005 and November 1, 2005 docket entries that Plaintiffs personally served the remaining five defendants with federal process.

Pursuant to FED. R. CIV. P. 12(b)(5), Defendants move the Court to dismiss the case for failure to timely perfect service.

## II.    MOTION TO DISMISS FOR INSUFFICIENT SERVICE

Where service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and FED. R. CIV. P. 4(m) give the plaintiff 120 days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured.  Section 1448 of Title 28 of the United States Code governs service of process in removed cases.  Where "service has not

been perfected prior to removal, . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. The Federal Rules of Civil Procedure apply to removed cases after the date of removal. FED. R. CIV. P. 81(c). Rule 4(m) allows a plaintiff 120 days after a complaint is filed in federal court to complete service, and has also been interpreted to give plaintiffs in removed cases 120 days after the date of removal to complete service. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D. Ga.1997) (and cases cited therein). Thus, although Plaintiffs had not completed state service of process as of September 30, 2005, the date Defendants removed the case to this Court, Plaintiffs are still well within the 120 day period the Federal Rules give them to perfect service.

There is some dispute among federal courts as to whether removed cases should be subject to dismissal for incomplete or defective service of process that would be fatal to a plaintiff's case in state court, but could be cured with the application of § 1448 and FED. R. CIV. P. 4(m). *See, e.g.*, *Brazell v. Green*, No. 94-7214, 1995 WL 572890, at *1 (4th Cir.) (where defendants had not been properly served in state court, district court should have allowed plaintiffs an opportunity to perfect after removal); *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 538 (W.D. Va. 2002) ("where service in state proceedings was incomplete or defective," plaintiff has 120 days following notice of removal to complete service or start it anew); *but see Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001) ("service was not effected within the time frame prescribed by state statute and, therefore, the case was dead before it was removed to federal court"). *See also* 77 C.J.S. Removal of Causes § 210.

The argument in favor of dismissal is well summarized in *Morton*, wherein state law

required the plaintiff to serve the defendant through a statutory agent. *Morton*, 171 F. Supp. 2d at 614. State procedural rules gave plaintiff one year to properly effect service, but because of plaintiff's lack of due diligence, the defendant was not timely served. *Id.* at 614-15. Noting that the state court would have granted defendant's motion to dismiss for untimely service, the district judge decided that § 1448 "does not retroactively extend the time limits prescribed by state law in cases where service was untimely *before* the action is removed . . . ." *Id.* at 615. "Nothing in the text, or legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts." *Id.*

>I disagree. The plain language of § 1448 is most instructive:
>
>In all cases removed from any State court . . . in which any one or more of the defendants *has not been served* with process or in which the *service has not been perfected prior to removal*, or in which *process served proves to be defective*, such *process or service may be completed or new process issued* in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448 (emphasis added). *See, e.g.*, *F.D.I.C. v. Canfield*, 967 F.2d 443, 445 (10th Cir. 1992) ("As in any case of statutory interpretation, we begin with the plain language of the law.") (citation and internal quotation marks omitted). In the present case, fifteen Defendants were personally served, but service was not perfected because Plaintiffs failed to serve the attorney general before removal. Five Defendants were not served at all. These two circumstances fall squarely within the ambit of § 1448. There is nothing in the statutory language that points to the inexorable conclusion that a federal court *must* dismiss a case in which a plaintiff would have been subject to a motion to dismiss for improper or untimely service at the state level. If anything, the language leads to the opposite conclusion: "such process or service *may* be completed or new process issued"; it appears a court has discretion to give the plaintiff leave to perfect service or to

dismiss the case and force plaintiff to refile. Given the strong policy underlying the Federal Rules of reaching the merits of an issue rather than dismissing a case on a technicality, it seems the interplay of § 1448 and Rule 4(m) actually encourages courts to direct plaintiffs to perfect service. *See Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S.178, 181-82 (1962)).

In making the decision to dismiss or give time to perfect service, the court in *Brazell* looked at whether an extension of time would prejudice the defense and whether Defendants had any notice of the suit. *Brazell*, 1995 WL 572890, at *1. Here, Defendants claim that Plaintiffs' delay in service was prejudicial because if they had been served earlier, they "could have objected to the simultaneous proceedings against them in the Protection & Advocacy investigation and in this court." (Doc. 3 at 9-10). This does not persuade me the Defendants were prejudiced. At any rate, Defendants are required by statute to cooperate with such an investigation, and I am unconvinced their actual knowledge of the lawsuit would have changed the investigation's results.[1] *See* 29 U.S.C. § 732(g)(2).

Also persuasive is the reasoning of *Randolph v. Hendry*, 50 F. Supp. 2d 572 (S.D. W. Va. 1999). There the defendant removed the case to federal court and then filed a motion to dismiss, arguing the state service was defective and the federal service untimely. *Id.* at 574-75. In deciding to give plaintiff 120 days from the date of removal to perfect the defective state service, the court recognized that this might burden the defendant who may "have state procedural justification for dismissal." *Id.* at 580. "Placement of the burden on that rare defendant's

---

[1] In my own experience in similar cases, Defendants are frequently responsible for requesting a stay in court proceedings pending the results of Protection & Advocacy investigations.

shoulders is proper, however, because it is that defendant who makes the decision to remove the case to federal court and restarts the clock."[2] *Id.*  I agree.  If Defendants had a valid argument for dismissal based on insufficient state service, they could have moved the state court for relief. Instead, Defendants chose to exercise their right to remove the case to the federal system; with that, Defendants must accept both the advantages and disadvantages that removal brings.

Even if Defendants had not removed the case and brought the Motion to Dismiss for Insufficient Service in state court, I do not believe they would have prevailed.  New Mexico Rule 1-004(C)(2) directs plaintiffs to serve process "with reasonable diligence . . . ."  Rule 1004-(C)(2) NMRA (2005 & Supp. Feb. 2005).  The rule contains  no "drop dead" date.  New Mexico courts decide whether plaintiffs are diligent using an "objective reasonableness" standard.  *See, e.g.*, *Martinez v. Segovia*, 133 N.M. 240, 246-47, 62 P.3d 331, 337-38 (N.M. App. 2002).  To examine a plaintiff's actions using the objective reasonableness standard, the *Martinez* court considered the totality of the circumstances and weighed plaintiff's actions in obtaining service against any prejudice to defendant.  *Id.* at 247, 338.  While in *Martinez* the plaintiff did make honest attempts at service much closer to her filing date than did the Plaintiffs in this case, Plaintiffs' intentional delay is not necessarily fatal.  *See Graubard v. Balcor Co.*, 128 N.M. 790,

---

[2] In addition, the court reasoned that:
> restarting the clock for service upon removal eases a terribly unfair burden that could otherwise befall a plaintiff. That is, if the Court's calculations are not the law, then a plaintiff filing a complaint in a state that allows for service beyond 120 days-a plaintiff to whom state law might give a deadline of 180 days, for example-could find his case quickly removed by the defendant and dismissed by the federal court prior to the passing of the state deadline for violation of federal procedural requirements that mandate service in federal cases within 120 days. That untenable result would force cautious plaintiffs to abandon their state-created right to delay service beyond 120 days out of fear that federal procedural law might one day be applied retroactively to their case after the defendant's unilateral act of removal.

*Randolph*, 50 F. Supp. 2d at 580.  This result is reminiscent of the old metaphor of towing a ship into the safe harbor and then sinking it.

792-93, 999 P.2d 434, 436-377 (N.M. App. 2000) (noting that a plaintiff's intentional delay is not the dispositive factor in a motion to dismiss for insufficient service of process). I do not commend Plaintiffs' lack of actual notice of the lawsuit to Defendants for thirteen months; however, as discussed above, I find no resultant prejudice to Defendants. And, as is the policy in the federal court system, New Mexico's general policy is to provide "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Biebelle v. Norero*, 85 N.M. 182, 184, 510 P.2d 506, 508 (1973) (citations omitted).

For the foregoing reasons, I find that 28 U.S.C. § 1448 gives me the discretion to allow Plaintiffs 120 days from the date of removal to perfect service. Furthermore, even if this Motion were decided using state law and the case could be dismissed without § 1448 and Rule 4(m) to save it, I do not believe that New Mexico state courts would not hold that Plaintiffs lacked reasonable diligence. Out of an abundance of caution, I order Plaintiffs to re-serve each Defendant personally with federal process. *See* FED. R. CIV. P. 4. Plaintiffs will have the full time period of 120 days from the date of removal to make sure each Defendant and the attorney general have the appropriate federal process.

### III.    MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Plaintiffs have requested leave to amend their complaint. As I discussed with counsel in the November 29, 2005 hearing on this Motion, I will give Plaintiffs time to amend, provided that they will thoroughly research the validity of each claim, keeping in mind FED. R. CIV. P. 11. Consequently, Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim is **DENIED AS MOOT**.

If Defendants submit another motion to dismiss, Defendants are free to incorporate by reference any relevant arguments from the first two motions to dismiss.[3]

**WHEREFORE,**

**IT IS ORDERED THAT** Defendants' Motion to Dismiss for Insufficient Service of Process is **DENIED**;

**IT IS FURTHER ORDERED THAT** Plaintiffs have 120 days from the date of removal to re-serve every Defendant personally with *federal* process and to ensure that the attorney general has received appropriate federal process for each Defendant;

**IT IS FURTHER ORDERED THAT** Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim is **DENIED AS MOOT**; and

**IT IS FURTHER ORDERED THAT** Plaintiff has until **December 29, 2005** to file an amended complaint.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiffs are also welcome to incorporate any relevant arguments from their responses; however, I would caution Plaintiffs to spend more time researching applicable case law and succinctly laying out their arguments, rather than giving me a sketchy outline to research on my own time.